MoIlvaine, J.
The original action was prosecuted by the plaintiff in error against defendant in error to recover the amount of a subscription to its capital stock, made on condition that the money should be applied to the construction of a branch road, as then surveyed, “ from a point on the line of the Cincinnati and Eastern narrow gauge railway at or near Newtown, Hamilton County, Ohio, from. thence by the most practicable route passing through or near Mt. Washington via Clough creek, Nine Mile creek and the Ohio river, tó a point within the corporate limits of New Richmond.” This subscription was made in December, 1876. Subsequently, the plaintiff, under authority of the statute of April 7, 1878 (73 Ohio L. 115), changed the location of a part of the line of its branch road, described in the condition of defendant’s subscription, and abandoned that part of original surveyed line passing through or near Mt. Washington via Clough creek.
By the terms of the statute above referred to, in force at the time the defendant’s subscription was made, and under which the line of branch road was changed, it was provided “ that any subscription of stock make upon the faith of the location of such railroad or part thereof, upon any line abandoned by such change, shall be cancelled at the written request of the subscriber not having consented as aforesaid, filed with the secretary or other chief officer of such company.”
The defendant Fisher neither consented to the change of *332 line, nor filed a written request for the cancellation of his subscription as authorized by the statute.
The plaintiff in error, against whom judgment was rendered below, contends that defendant, by failing to file his written request for cancellation of his subscription, waived the condition stipulated therein, and is liable for the amount thereof.
In our opinion, this statute was not intended to release a railway company changing its line of road, from the performance of conditions attached to stock subscriptions.
The right given to subscribers to demand, in writing, the cancellation of subscriptions made on the faith that the road would be constructed on a line afterward abandoned by the company, is not limited to conditional subscriptions. The language is; “ any subscription of stock made upon the faith of the location of such railroad, or part thereof, upon any line abandoned by any such change, shall be canceled,” &e. But the extension of this remedy to conditional subscribers does not deprive them of any right secured by express stipulation in the contract. That consent to such change of route would be a waiver of a stipulation against the change, does not rest on the statute, but upon general principles independent of the. statute. So that, when a stipulation against such change is made an express condition in the contract of subscription, the rights and duties of the parties, under the contract, are not changed by the statute. True, such conditional subscriber may avail himself of the remedy given by the statute, whenever he can show himself to be within its terms, but his failure to resort to such remedy does not deprive him of the right, in an action on the contract, t'o insist upon the 'performance of ' any condition precedent, which has not, in fact, been waived.
Motion overruled.■